IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| CHRISTOPHER MARTIN HARRIS, ) ) Plaintiff, ) ) v. ) ) LELAND DUDEK,[1] ) *Acting Commissioner, Social Security* ) ) Defendant. ) ) ) | Civil Action No. 23-cv-02073-LKG<br><br>Dated: November 14, 2025 |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

Pending before the Court is the Plaintiff's motion for attorneys' fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). ECF No. 19. The motion is fully briefed. ECF Nos. 19 and 20. No hearing is necessary to resolve the motion. *See* L. R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **GRANTS** the Plaintiff's motion for attorneys' fees (ECF No. 19); (2) **AWARDS** the Plaintiff **$15,866.75** in attorneys' fees; and (3) **ORDERS** that the Plaintiff's Counsel reimburse to the Plaintiff **$2,800.00** in fees previously received pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

On August 2, 2023, the Plaintiff filed this Social Security benefits action against the Acting Commissioner of Social Security, alleging that the Social Security Administration ("SSA") owed him past due Supplemental Security Income ("SSI") benefits. ECF No. 1. The Court remanded the matter to the SSA, with the consent of the parties on March 11, 2024, pursuant to Sentence Four of Section 205(g) of the Social Security Act. ECF No. 14.

---

[1] When this proceeding began, Kiolo Kijakazi was the Acting Commissioner of the Social Security Administration. On January 20, 2025, Leland Dudek was sworn in as Commissioner and is automatically substituted as a party. *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

On February 27, 2025, SSA Administrative Law Judge Brian Crockett issued a notice of decision-fully favorable on the Plaintiff's claim. ECF No. 19-1. Specifically, the ALJ determined, among other things, that the Plaintiff had been disabled under Section 1614(a)(3)(4) of the Social Security Act since May 26, 2015. *Id*. at 6. Thereafter, the SSA issued a notice of award to the Plaintiff, notifying the Plaintiff that he will receive $63,466.98 in back payments. ECF No. 19-2. And so, the Plaintiff prevailed on his claim. *Id*.

On April 12, 2024, the Plaintiff filed a motion for attorney's fees, seeking an award of attorney's fees in the amount of $2,903.92, pursuant to the Equal Access to Justice Act. ECF No. 16. On April 23, 2024, the parties filed a stipulation for the payment of attorneys' fees, in the amount of $2,800.00, pursuant to the Equal Access to Justice Act. ECF No. 17. The parties further stipulated as follows:

> Provided that Plaintiff's claim is allowed on remand, any request for attorney's fees pursuant to 42 U.S.C. § 406(b) is subject to final review and approval as reasonable by this Court. This request shall be made within 30 days from the date of Defendant's Notice of Award, a copy of which should be provided to this Court and counsel for the Defendant. Defendant reserves the right to respond to the 406(b) request at that time.

*Id*. And so, on July 15, 2024, the Court entered a Judgment awarding the Plaintiff $2,800.00 in attorney's fees, pursuant to the Equal Access to Justice Act. ECF No. 18.

On April 2, 2025, the Plaintiff filed a motion for attorneys' fees, seeking attorney's fees in the amount of $15,866.75, which is 25% of the Plaintiff's recovered past-due benefits, pursuant to Section 406(b) of the Social Security Act. ECF No. 19. The Plaintiff's Counsel, Theodore Melanson, agrees to reimburse the Plaintiff for the amount of EAJA fees previously received, if the Court awards the requested attorney's fees under Section 406(b). *Id*. The Government neither supports, nor opposes, the Plaintiff's motion for attorney's fees pursuant to Section 406(b). ECF No. 20 at 2.

## III.   LEGAL STANDARDS

### A. Attorney's Fees

Pursuant to 42 U.S.C. § 406(b), an attorney may seek a reasonable fee for successful representation of a Social Security benefits claimant before this Court, not to exceed 25% of a claimant's total past-due benefits. 42 U.S.C. § 406(b); *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002). When an attorney receives fees under the Equal Access to Justice Act and

Section 406(b), the attorney must refund the smaller fee awarded to the claimant. *Gisbrecht*, 535 U.S. at 796.

In this regard, this Court has held that "[a]lthough contingent fees are the 'primary means by which fees are set' in Social Security cases, a court must nevertheless perform an 'independent check, to assure that they yield reasonable results in particular cases.'" *Patricia F. v. Comm'r, Soc. Sec. Admin.*, No. DLB-17-2281, 2020 WL 247361, at *1 (D. Md. Jan. 16, 2020) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The United States Court of Appeals for the Fourth Circuit has also held that, when assessing the reasonableness of an award of attorney's fees within the context of a Social Security benefits appeal, the Court may consider "the time spent and work performed by counsel on the case when it was pending at the agency level . . . insofar as it [gives] the district court a better understanding of factors relevant to its reasonableness inquiry." *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005). And so, the Court considers the following four factors to determine the reasonableness of the requested attorney's fees: "the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *Id*. Lastly, the Supreme Court has held that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Gisbrecht*, 535 U.S. at 808 (citations omitted).

IV.    ANALYSIS

  A. The Requested Attorneys' Fees Are Reasonable

The Court is satisfied that the requested amount of $15,866.75 in attorney's fees is reasonable in this case for several reasons. As an initial matter, $15,866.75 in attorney's fees sought by the Plaintiff's counsel constitutes 25% of the Plaintiff's recovery, which is consistent with Section 406(b). 42 U.S.C. § 406(b). While an award of $15,866.75 is significant, the amount of attorney's fees reflects the Plaintiff's significant recovery of back payments, and that the Plaintiff was able to fully recover these payments due to Mr. Melanson's legal representation. *See* ECF No. 19-2; *Mudd*, 418 F.3d at 428 (the time spent and work performed by counsel on the case when it was pending at the agency level . . . insofar as it [gives] the district court a better understanding of factors relevant to its reasonableness inquiry.").

Second, the evidence before the Court shows that Mr. Melanson took this case upon a contingent basis and risk of no recovery if the Plaintiff was unsuccessful on his claim. *See* ECF

No. 16-7 at ¶ 6 (Mr. Melanson's Affidavit) (stating that he "expect[s] to receive more than [his] regular hourly rate in order to compensate [him] for the risk of non-recovery involved in taking a case on a contingent fee basis."). Courts in the Fourth Circuit have recognized the risk involved in contingency fee cases and "have approved contingency fee agreements that produce much higher hourly rates in successful Social Security appeals." *Groves v. Berryhill,* Civ. No. 1:19-cv-00088-MDLB, ECF No. 25 (D. Md. 2021) (citing cases).

Lastly, the Court observes that the requested attorney's fees are approximately five times the amount of the EAJA award in this case of $2,800.00. In this regard, the Court may reduce the amount of an award of attorney's fees under Section 406(b) if the Court determines the amount requested is unreasonable. *Gisbrecht*, 535 U.S. at 808 (citations omitted). The Court makes no such determination here, because the Plaintiff entered into a contingency agreement, agreeing to an award of attorney's fees of 25% of his past-due benefits to be approved by this Court. *See* ECF No. 16-4.

### V. CONCLUSION

In light of the foregoing, the Court:

(1) **GRANTS** the Plaintiff's motion for attorneys' fees (ECF No. 19);

(2) **AWARDS** the Plaintiff **$15,866.75** in attorneys' fees; and

(3) **ORDERS** that the Plaintiff's Counsel reimburse to the Plaintiff **$2,800.00** in fees previously received pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge